Good morning, may it please the Court. My name is Steven Preziosi, and I represent the appellant, Mr. Martil de Jesus Canales. Your Honor, the lower court erred when it denied the cancellation of removal to Mr. Canales in four respects. First, it failed to consider the emotional hardship. Why do you say that? He talked about the emotional hardship. You say he didn't consider it, but I thought the record showed he did. Judge, he wrote, he devoted two sentences in a six-page opinion to the emotional, and those two sentences, and I think it's important, the two sentences that he did devote to them. First, he said, I recognize that it will be emotionally difficult for the children. And then he concludes, but that doesn't meet the standard of evidence. The second sentence was that I've received letters from his two children, one qualifying, one not qualifying. He said Ronan and Christian. He did not receive letters from Ronan and Christian. He received letters from Ronan and Jesus. So out of the two sentences, respectfully, I say to the lower court that he got one of the sentences wrong. Your argument as to the first is that the immigration judge didn't consider emotional hardship to the parents. Well, the emotional hardship to the children, Your Honor, he's got four qualifying children. Those are Kelvin, his stepson, Christian, his biological son, Jesus, also his biological son, and Alejandro. He has another biological son, Jeremy, who lives apart from him. The court did not devote any thought or consideration or any effort, any time in its decision, to the emotional impact it would have on his qualifying children, Your Honor. As a subsidiary argument to that, Your Honor, I made the argument that he did not, the immigration judge did not allow the children to testify. And I think one of the — Did he not allow it, or he said he disfavored it and he was not asked? He said twice that he does not favor having children testify because it's hard on them to testify. He did suggest that under the circumstances you could submit longer written testimony, and you did not, did you? Well, I wasn't the attorney below, but two letters were submitted, Your Honor, one of them from Ronan, his non-qualifying son, and one of them from Jesus. And, Your Honor, my response to that is that letters are not the same as live testimony. Well, I know, but you might at least have done what he did allow, or make an argument why in this case the letters would not help. Counsel did say, Judge, we want to have you hear the children to, you know, hear their point of view, that they're going to be missing their father. His two stepchildren, Ronan and Kelvin, both consider him to be their father. We have to look for an error of law in these cases. And here it is, Your Honor. Excuse me. And I didn't like that, but way back I was held to it, so I'm stuck with it. Are you saying that it is an error of law in every case not to allow children to testify? Your Honor, the argument of not allowing the children to testify is a subsidiary argument to not considering the emotional hardship to the children. So one of the factors that under 240 A.B.1 that he must consider is the hardship, the emotional hardship. The subsidiary argument to emotional hardship is not allowing the children to testify. You can't show the emotional hardship without their testimony. Correct. Let me ask you, was this argument made to the BIA? No. So why is this in front of us then? I was just about to address that, Your Honor. And while you're answering that, was it made to the IJ? That the children couldn't testify? She did ask that the children testify. Was there an objection after? Was there an objection after? She didn't use the word objection, but she said judge. She explained, she expressed to the judge that she wanted the children to testify. So, no, she didn't use the word objection, and it was not made to the BIA. So, and I wanted to address that jurisdictional issue. My colleague raised it at page 17. It's not jurisdictional, but it is, according to our cases, determinative if the government objects, if the government objects. It's not, that's not confused jurisdictional because jurisdictional means it comes up regardless. But if the government objects, it is determinative in our case. Judge, whether or not this court could consider that issue of disallowing the children to testify. I just wanted to read one sentence from a case, and I thought it was significant. It was cited in my colleague's brief. This is from, and I practiced the pronunciation of this, Kieron Leoglu versus Lynch. It's in the federal appendix, 668 Federal Appendix 382. And I just want to read one sentence. It says, while the court may not consider bases for relief that were not raised below or general issues that were not raised below, it is not barred from considering specific subsidiary legal arguments or arguments by extension that were not made below. And this is precisely what I'm arguing here, Your Honor. That's a summary order you cited? That is a summary order, yes, Your Honor. And it cites to, and further, Judge, it cites to Gill versus INS, and that is not a summary order, 420F3-82, Second Circuit. It doesn't say the same thing, which is what often happens with summary order. So, Judge, my argument is this, is that the failure to, the prevention of the children from testifying is a subsidiary argument to considering the emotional hardship on the children. And even though it was not raised before the BIA, it can be considered here because it is part and parcel of that argument. But it's really factual. I mean, it's almost a procedural issue, not a legal issue. It's procedural. And ultimately, my argument, Your Honor, ultimately, Ultimately, my argument is that this is a due process, is that we've imposed a very high burden on Mr. Canales to prove exceptional and extremely unusual hardship. This is an extremely high burden. And then confining him to the way he does that. So the testimony would have been what? The testimony of the children? That testimony that would have risen to the level of extreme hardship. How he missed his dad. And, Judge, I don't know if Your Honor had the opportunity to read the letters from his children. This is just one of the letters, a very short letter from Jesus. It says, and if Your Honor will permit me to read it, it's very brief. It says, This letter is for my dad. My dad is a person who is very responsible. He always spends time with me and my little brother Christian. I don't know what would happen if my dad left to El Salvador. I wouldn't know what would happen to my family if my dad leaves. These cases are horrible. It's very emotional. Without a doubt about that, the question is, on the basis of the cases that we have, is what your client shows the kind of exceptional hardship that has been accepted? I think there is an exceptional hardship here, Judge. And if we take the seminal case, Matter of Montreal, and the court said that that was the ordinary case. Mr. Montreal was removed to Mexico. His family went with him. His wife and his two children went with him. They all spoke, read, and wrote in Spanish. And there would have been no separation. There wasn't a question of a financial hardship. They were all leaving together. That was the ordinary. Look at the facts of this case. They are substantially different. We have his wife is suffering from a life-threatening illness that she needs constant MRIs and medical attention. She has a very severe form of cancer. On that point, what is the status of the health?  She had a double mastectomy. She has liver cancer as well. There is no cancer presently? Presently, no. He has two sons, both with asthma. She makes $330 a week at her job. Who does she live with? She lives with Martiel. Her name is Dolores. They live with Alejandro, Kelvin, and Ronan. He has two other sons, Christian and Jesus, that live with his ex-wife. And then he has another son, Jeremy, who lives with his ex-girlfriend. So there would be a substantial financial hardship. His wife cannot earn enough money. She's in ill health. His child, Alejandro, with whom he lives with, is in ill health. He has asthma. He has to have an oxygen machine at home and at school. His father helps him with his medicine. He helps out with the medical expenses. They have health insurance, but it's not that good. It doesn't cover all of the medical expenses. I'm very sympathetic. I think that, you know, to me, so many of these cases would, if I were the head of the republic, constitute extreme hardship. But, you know, we see cases like this all the time. And here's my point, Judge. If Matter of Montreal, the seminal case, is the ordinary case, everybody's going back together. No financial hardships. Everybody speaks Spanish. They're going back to Mexico. His children don't speak, read, and write Spanish. They would be effectively separated from their father forever. He can't support them. If he goes back to El Salvador, it was proven that he would make something like $6 a day. So his six children that he supports, and we have evidence that he supported them. He pays child support to the kids that don't live with him. He supports even step-sons. He adopted two kids. He supports them. He financially supports them. He emotionally supports them. You know, he would be completely and forever separated from them. Thank you. Good morning, Your Honors. May it please the Court, Timothy Hayes on behalf of the Attorney General. On the issue of emotional hardship, at page 64 of the administrative record, as Your Honors discussed, the immigration judge did consider the arch hardship to the children. And I would like to point out. What about to the parents? Isn't that an issue? Well, he did consider the parents. What does he say? He says that there are brothers and sisters that are able to take care of the out-of-care parents, and there was a discussion about them going back. That doesn't go necessarily to the hardship on the parents, doesn't it? The emotional hardship on the parents. Well, the emotional hardship that was focused before the agency was mostly on the children. There was really no testimony or even letters proffered about specific emotional hardship to the parents. The real dispute in this case lies mostly with the weight. Was there an objection taken to the fact that emotional hardship to the parents was not raised? Not that I'm aware of, Your Honor. Not that I'm aware of. The issue of hardship was mostly focused on the children. And at the end of not the last merits hearing, but the second to last merits hearing, there was a discussion about whether the children should testify. And the attorney said, you know, I would like to put the children on the stand. The immigration judge says his preference is to spare, especially young children, the burden of testifying. But if it was necessary, he would allow the oldest child to testify. Then at the last hearing, at the conclusion of witness testimony, and this is at pages 264 and 265 of the record, the immigration judge asks both parties, does any testimony need to be taken, any other testimony? There was no comment. There was no objection. At that point they had the opportunity. I would say freely, or at the very least to the board. This is a common error that is raised to the board all the time. You cut off my testimony. You didn't allow me to provide testimony. That's something the board could fix. It wasn't raised to the board at all. It's too late to come to this court and argue that a legal error occurred when it could have been fixed below if it was raised properly. Let's assume that no question, that there was no discussion of emotional hardship to the parents. Is that enough for us to remand and ask that there be a discussion? Let's just assume for the moment that that is not, and that everything else is okay. I don't think so in this case, Your Honor, because, I mean, at the very least this court has a futility doctrine. There's just no indication that there is emotional hardship to the parents that would weigh into the calculus and change it. It's not extreme hardship. It's not even exceptional hardship. It's exceptional and extremely unusual hardship. You are saying that even if that is error, that is not the kind of error on which we remand, despite generally, because it would be futile? I wouldn't say generally. I would say that arguably that could be a culpable error, but it would not be a meritorious error on this record. Even just to travel back and forth between El Salvador. Exactly, Your Honor. They winter in El Salvador, and they've had surgeries in El Salvador. And the last, at least as the record indicates, they're trying to get the parents a home in Florida so they don't have to go back to El Salvador. But they go back and forth. The record that's not mentioned by the BIA or the IHA indicates. You mean about going back and forth? Yeah, that they do have health records. They do have health issues. Well, let's talk about their health issues. Traveling back and forth is not something they're going to be able to do indefinitely. Well, I agree with you. And I think as most persons age, you're not going to be able to do that. That just happens to all of us if we're lucky enough to live long enough. Turning to the children's testimony, well, we discussed that the immigration judge had not failed to prevent the children from testifying. He expressed a preference. It was within his discretion to express that preference. We might have a different case if they forcefully argued that there was something that the children could provide in life testimony that they couldn't submit in their declaration that could alter the calculus in this case. But they never raised that issue. In fact, even before the boarding, even today, we don't have declarations or anything to indicate what wasn't considered that would change the calculus. It's unfortunate in these cases that most, you know, most persons who are deported, they have large families. They have young children. A lot of these young children are attached to their parents. It's understandable. Parental separation is a horrible thing. So, but the standard is not, you know, the ordinary case. And I want to quote from Montreal. It says, they must establish that the qualifying relatives would suffer hardship, quote, substantially different from or beyond that which would normally be expected from the deportation of an alien with close family members. Substantially beyond. That was not met in this case. And that's not even an issue the court can reach because that would be substantial evidence review. But as we're sort of delving into the facts of this case, I don't think that the agency got the facts wrong here either. It's an unfortunate case, but they're sadly common in these instances. And it was. What makes the case in some way troubling is that the original thing for which this guy was convicted was really pretty trivial and doubtful. Well. But there it is. We can't help that. That's there. And there was a DUI, too. But, yeah, I believe the rape charge was what brought the attention. Yeah. Unless Your Honors have any further questions. That was dropped, wasn't it? Yeah, it was pleaded down to, I believe, a criminal trespass. Thank you, Your Honors. Thank you. Judge, what I'm asking of the court is very simple. There was a constitutional due process and legal error when he did not allow the children to testify. He said twice. The judge expressed his desires twice to the lawyer. Most lawyers will say the judge says something twice. I'll listen the first time. I'm not going to call the children as witnesses. As you say, that's a constitutional error. Due process. Due process, even though you did not at the time object to that. Judge, let me read you the transcript. Yeah. No, no. I have it. But you made no split. Obviously, you asked that they testify. But you did not, when the judge said what the judge said, you didn't say, I object. I wasn't the attorney below, Judge. I understand that. But let me read you what she did say. And also read what he said about the oldest child being able to testify. Who was not a qualifying relative, the oldest child. What he was getting at was if you need someone to testify, if you really, really need someone to testify, someone who is of an age, he would allow it. Which still does not cure my argument because the oldest child, Ronan, because he is age excluded, is not a qualifying relative. So the four children I'm talking about are Alejandro, Kelvin, Christian, and Jesus. Those are the qualifying children. What it suggests when you read what he says, the immigration judge in totality, was that, yeah, if you really, really want it, we can talk about it. And there was no objection made. Well, she said this, Judge. She said, they just want to be able to show support and that you know. And he cuts her off. And he says, and they're certainly showing support, you know, even if being here and they can write, you know, write a letter and there's anything specific we need to ask questions about them, we can have the older one testify. Judge, my argument, my due process argument is specifically this. When you set such a high burden, exceptional and extremely unusual hardships, this is an extremely high burden. And now we've confined the way he meets his burden. Don't call witnesses. Only letters. We know that letters, written testimony, is different than face-to-face testimony. This court and every appellate court throughout the nation very often defers to trial courts. Is there a problem as a matter of the due process argument that you're making in requiring that when it's clear that the request for a qualifying relative to testify is denied to object?  Is there a problem with requiring an objection? You know, she didn't use the word objection. She explained to the court. Is there a problem, some legal problem, with us requiring that the lawyer object at that point? You know, a due process, Your Honor, in my mind, a due process violation is a due process violation. The words she chose were she was trying to explain what the children were going to testify to. It's unfortunate, Judge. She did not use the word I object. She should have. However, my point before was that live testimony is different. It is what's we hang our so many constitutional hats on live testimony, the right to confrontation. We understand. We understand and appreciate. And, Judge, my ask is simple. Perhaps it's too bad that you aren't the lawyer below, but we have what we have. And, Judge, my ask is simple, to remand to hear all the facts. That's all I'm asking. Thank you. Thank you both for your arguments. We appreciate them. The court will reserve decision.